UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN & APRIA SMITH, ET AL          CIVIL ACTION

VERSUS                               NUMBER 10-586-BAJ-SCR

JOSE FLORES, JR., ET AL

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 27, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN & APRIA SMITH, ET AL          CIVIL ACTION

VERSUS                              NUMBER 10-586-BAJ-SCR

JOSE FLORES, JR., ET AL

MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiffs' Motion to Remand. Record document number 6. The motion is opposed.[1]

Plaintiffs filed a Petition for Damages in state court to recover from defendant State Farm Fire and Casualty Insurance Company losses and damages allegedly incurred because the defendant failed to pay insurance claims under four separate policies issued to the plaintiffs. In addition to unspecified amounts due under each policy, the plaintiffs seek compensatory damages, penalties and attorney's fees based on the defendant's alleged breach of its statutory duty to adjust and pay their claims in good faith. Although each policy insured a different property, the claims all arise from damages to the property allegedly caused by Hurricane Gustav on or about September 1, 2008. Plaintiffs also alleged that "[e]ach individual Plaintiff affirmatively and knowingly waives entitlement to any damages, including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of

---

[1] Record document number 7.

$74,999.00"[2]

Defendant removed the case to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendant asserted that the plaintiffs' allegation purporting to limit their recovery to less than $75,0000 is not a binding stipulation and there is no state procedural rule which limits their recovery to the ceiling pled in their petition. In its Notice of Removal the defendant noted that the plaintiffs alleged in paragraph 22 of the petition that it "owes to Plaintiffs the policy limits of each said policy of insurance, less and except any sums already tendered to Plaintiffs." Defendant then described each policy, the applicable policy limits, the amounts already paid, and the amounts of coverage that remain available. Since the amount of coverage remaining is well over $75,000 for each policy, the defendant argued that the amount in controversy required by § 1332(a) is met for each plaintiff.

Plaintiffs moved to remand, arguing that the amount in controversy needed to support diversity jurisdiction under § 1332 is not present because "each plaintiff stipulates that his individual damages are less than $75,000."[3] Plaintiffs supported

---

[2] Record document number 1, attached Petition for Damages, ¶ 26. Plaintiffs have not filed an amended petition/complaint to clarify the amount of damage to their respective properties or their compensatory damages.

[3] Record document number 6-1, supporting memorandum, p. 4.

2

their motion with a Stipulation and Renunciation of Reight (sic) to Enforce Judgment and Claim for each plaintiff.[4]

In response, the defendant renewed its argument that the required amount in controversy is present given the applicable policy limits and amounts already paid, and that the plaintiffs' post-removal stipulations do not deprive the court of subject matter jurisdiction.

## **Applicable Law**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways:  (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts-

---

[4] *Id.* exhibits 2(a)-(d).

-preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938). A plaintiff may do so by citing to a state law that prohibits the recovery of

damages in excess of the amount prayed for in the complaint. *See, De Aguilar,* 47 F.3d at 1412. In the absence of such a statute, a plaintiff must file a binding stipulation or affidavit with the complaint in order to defeat removal of the action to federal court. *Id.*[5] But the inquiry does not end simply because the plaintiff stipulates that his damages do not exceed the threshold amount for removal. *De Aguilar,* 47 F.3d at 1410-12. "The face of the Plaintiffs' pleading will not control if made in bad faith." *Id.* at 1410. Therefore, the defendant can still remove the case to federal court despite the plaintiff's stipulation as to the amount in controversy. *See id.* at 1411; *Pendleton* supra, at *4. To do so, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See, De Aguilar*, 47 F.3d at 1409.

Under Louisiana law, plaintiffs are not limited to recovery of the damages requested in their pleadings. La. Code Civ. Proc. art. 862. Louisiana Code of Civil Procedure article 893 provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to

---

[5] A stipulation as to the amount of damages in controversy is not in derogation of Louisiana law, even though it is treated as a demand for a specific amount of damages for removal and remand purposes. *Pendleton v. Parke-Davis, a Div. of Warner Lambert Co.*, 2000 WL 1808500 (E.D.La. 2000).

5

insufficiency of damages, ... a general allegation that the claim exceeds or is less than the requisite amount is required."

## **Analysis**

It is not facially apparent from the allegations in the plaintiffs' Petition for Damages that the value of their individual claims exceeds $75,000, exclusive of interest and costs.  However, the defendants have shown by a preponderance of the evidence that the required amount in controversy is present.

Defendant stated the policy limits and amounts already paid in the Notice of Removal - which is not contested by the plaintiffs. Because the plaintiffs alleged the defendant "owes [them] the policy limits of each said policy, less any sums already tendered," plus compensatory damages, penalties and attorney's fees, defendant has show by a preponderance of the evidence that the amount in controversy for each plaintiff is more than $75,000.

The issue to be determined is whether the plaintiffs' have effectively limited their recoveries to less than $75,000 each. They have not.  First, none of the plaintiffs signed or verified the Petition for Damages.  The petition was signed only by counsel. Plaintiffs have not shown "to a legal certainty"[6] that Louisiana law would hold each of them to a recovery of less than $75,000 based on the statement in their petition if they later sought a

---

[6] *Grant, supra.*

larger amount or the evidence supported a larger award.[7]  Second, even if the plaintiffs' post-removal stipulations could be considered (and they cannot since they do not serve to clarify any ambiguity about the plaintiffs' claims, the kinds of damages they seek or the amounts of those damages) none of the plaintiffs signed or verified the stipulations.  These also were signed only by counsel.  Plaintiffs have not shown that Louisiana law would forever bind them to these stipulations.[8]

Additionally, the plaintiffs' purported limitation on the amount of their damages is difficult to reconcile with their allegation that the defendant "owes [them] the policy limits of each said policy, less any sums already tendered."  To accept the plaintiffs' purported limitation would mean that each of them are knowingly giving up a substantial recovery so as to avoid this Court exercising jurisdiction over their claims.  For example, the Williams policy has total coverage limits of $468,513 and the defendant has paid $24,114.86.[9]  This means plaintiff Williams

---

[7] See, e.g. *Tureaud v. Markel Ins. Co.*, 2010 WL 3952276 (E.D.La. Oct. 7, 2010 (pre-removal stipulation to amount of damages but without waiver of right to collect more than $75,000 not sufficient for remand); *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F.Supp.2d 775 (W.D.La. 2008)(allegation in petition accompanied with plaintiff's sworn verification found insufficient as plaintiff did not expressly waive award over $75,000; post-removal stipulation was untimely).

[8] Plaintiffs have not cited any Louisiana case which forever limits a plaintiff's recovery based on a stipulation signed only by the plaintiff's attorney.

[9] Record document number 1, p. 3.

7

would be waiving a claim of more than $444,000 (which amount does not include any penalties or attorney's fees). Similarly, plaintiff Shepherd would be waiving a claim for more than $178,000.[10] Given the large amounts purportedly being waived and the fact that no plaintiff signed either the petition or the later stipulations, it is not reasonable to find that the plaintiffs knowingly intended to forever bind themselves to a waiver of any recovery in excess of $74,999 or that a Louisiana state court would limit them to that amount.

Defendant has shown by a preponderance of the evidence that the amount in controversy required by § 1332(a) is met in this case. Plaintiffs have not shown to a legal certainty that their respective recoveries are limited to less than $75,000.

### Recommendation

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand be denied.

Baton Rouge, Louisiana, October 27, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10] *Id.* p. 4.

8